IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATHLEEN LABRANCHE, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | Civil Action No. 18-cv-02547 |
| v. ) | |
| ) | |
| STATE COLLECTION SERVICE, INC., ) | |
| ) | Jury Demanded |
| DEFENDANT. ) | |

## COMPLAINT

Plaintiff, Kathleen LaBranche, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## STANDING

3. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

4. Specifically, Plaintiff suffered a concrete injury and harm to her reputation as a result of Defendant's sharing of false information regarding an alleged debt with a third party. *Sayles v. Advanced Recovery Systems, Inc.*, 2017 U.S. App. LEXIS 12080 *7 (5th Cir. July 6, 2017) ([Defendant's §1692e(8)] violation exposed [plaintiff] to a real risk of financial harm caused by an inaccurate credit rating); (*citing Bowse v. Portfolio Recovery Assocs., LLC*, 218 F.

1

Supp. 3d 745, 749 (N.D. Ill. 2016) ("Unlike an incorrect zip code, the 'bare procedural violation' in Spokeo, an inaccurate credit rating creates a substantial risk of harm.")).

## PARTIES

5.      Plaintiff, Kathleen LaBranche ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted Universal Radiology medical account, account beginning with 3963. Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

6.      Defendant State Collection Service, Inc. ("SCS") is a Wisconsin corporation. It is authorized to do business in Illinois. Its registered agent in Illinois is C T Corporation System, which can be served at 208 So LaSalle Street, Suite 814, Chicago, Illinois 60604. (Exhibit A, Record from the Illinois Secretary of State).

7.      SCS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8.      SCS is a licensed collection agency in the State of Illinois. (Exhibit B, Record from the Illinois Department of Financial and Professional Regulation).

9.      SCS regularly collects or attempts to collect debts originally owed or due or asserted to be owed or due another. Thus, SCS is a debt collector as that term is defined at § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

10.     According to Defendant, Plaintiff incurred an alleged debt for goods and services used for personal family or household purposes, originally for a Universal Radiology medical debt ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(6) of the FDCPA.

11. Due to her financial circumstances, Plaintiff could not pay any debts and the alleged debt went into default.

12. SCS was subsequently hired or otherwise retained to assist with the collection of the alleged debt.

13. In response to collection attempts by Defendant, Plaintiff consulted with the attorneys at Community Lawyers Group, Ltd., who, on February 4, 2018, sent a letter to SCS indicating that Plaintiff disputed the alleged debt. (Exhibit C, Dispute Letter).

14. SCS received Plaintiff's dispute on February 4, 2018.

15. Plaintiff's letter stated, in part, that the amount reported is not accurate.

16. A statement that "the amount reported is not accurate" evinces the intention to dispute the validity of at least a portion of the purported debt. *Emerson v. Fid. Capital Holdings, Inc.*, No. 15 C 3416, 2015 WL 5086458, at *2 (N.D. Ill. Aug. 14, 2015).

17. Plaintiff subsequently retrieved her credit reports to ensure that the dispute was properly updated.

18. On March 19, 2018, SCS communicated credit information regarding the alleged debt to the Experian consumer reporting agency, including a balance, an account number and the date reported. (Exhibit D, Experian).

19. SCS failed to communicate that Plaintiff's alleged debt was disputed when it communicated other information to Experian regarding the alleged debt.

20. SCS had been notified at least six (6) weeks prior of Plaintiff's dispute.

21. Defendant had sufficient time to update their records. *See Herbert v. Monterey Financial Services, Inc.*, 863 F. Supp. 76 (D. Conn. 1994) (holding that five days was enough time for a debt collector to update their records with information from a consumer's letter").

3

22. 15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

23. Defendant failed to communicate a dispute to the Experian credit reporting agency, in violation of 15 U.S.C. § 1692e(8), when it knew or should have known about the dispute and communicated other information regarding the alleged debt to Experian.

24. Credit reporting by a debt collector constitutes an attempt to collect a debt. *E.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

25. SCS materially lowered Plaintiff's credit score by failing to note Plaintiff's dispute.

26. A debt reported with no dispute results in a much lower credit score than a report of both the debt and the dispute. *Saunders v. Branch Banking and Trust Co. of VA*, 526 F. 3d 142, 146-47 (4th Cir. 2008).

27. Plaintiff experienced negative emotions about Defendant's communications, including generalized insult, annoyance, aggravation, and other garden variety emotional distress.

28. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT

29. Plaintiff re-alleges above paragraphs as set forth fully in this count.

30. SCS failed to communicate a dispute to the Experian credit reporting agency, in violation of 15 U.S.C. § 1692e(8), when it knew or should have known about the dispute and communicated other information regarding the alleged debt to Experian.

WHEREFORE, Plaintiff requests that the Court enter judgment in Plaintiff's favor and against Defendant as follows:

    A.    Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

    B.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    C.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

    D.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Celetha C. Chatman
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
Sarah Barnes
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com